IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JERRY MCLEOD**, <br><br> Plaintiff, <br><br> v. <br><br> **MIKE DEWEY**, <br><br> Defendant. | Civil Action No. 7:22-CV-28 (HL) |

### ORDER

Plaintiff Jerry McLeod filed this pro se action seeking a temporary restraining order ("TRO") and preliminary injunction against Defendant Mike Dewey, the Sheriff of Brooks County. (Doc. 1). Plaintiff alleges Sheriff Dewey and his deputies are acting at the behest of Robert Bruce and Howell Watkins to afford Bruce and Watkins a strategic advantage in other pending litigation. Plaintiff claims the "unlawful actions of Sheriff Mike Dewey can only be prevented by the issuance of a restraining order and preliminary injunction." (Id. at p. 1).

Plaintiff's motion for a TRO, along with his motion to proceed without prepayment of the Court's mandatory filing fee (Doc. 2) and Robert Bruce's Motion to Intervene (Doc. 3) came before the Court for a hearing on May 18, 2022. At the conclusion of the hearing, the Court **GRANTED** Plaintiff's motion to *proceed in forma pauperis* ("IFP"). The Court also **GRANTED** Robert Bruce's motion to intervene. Finding no factual basis to support Plaintiff's motion for a TRO, the Court

**DENIED** Plaintiff's application for injunctive relief. This Order memorializes the Court's rulings from the bench.

**I.     MOTION TO PROCEED IFP**

Plaintiff seeks to proceed with this action without prepayment of the $402.00 filing fee under 28 U.S.C. § 1915. When considering a motion to proceed IFP filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citation omitted). The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation." Id. Although a litigant does not have to prove he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338–40 (1948)).

After reviewing Plaintiff's application to proceed IFP, the Court is satisfied that Plaintiff is sufficiently impecunious to warrant allowing him to prosecute his case at the taxpayers' expense. Plaintiff attests that his only source of income is $1,017.99 in monthly retirement benefits. He has monthly expenses of $1,125.00. His only asset is his personal vehicle, which has a value of approximately $300.00. Based on this information, the Court finds Plaintiff is unable to pay the costs and fees associated with this lawsuit and also manage the expenses of his household.

Accordingly, Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED**. This case shall proceed without the prepayment of fees.

## II.   PRELIMINARY REVIEW

### A.   Standard of Review

Because Plaintiff is proceeding IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim on which relief may be granted when it does not include sufficient factual matter to permit a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

### B.   Factual Allegations

Plaintiff seeks a temporary restraining order and preliminary injunction prohibiting Defendant and his deputies "from conducting further retaliatory

...

unwarranted searches and false arrests of [Plaintiff] in attempts to harass and intimidate [Plaintiff] and to hamper and interfere with the enforcement and collection [o]f the money judgment granted against Robert Bruce." (Doc. 1, p. 6). Plaintiff has two other civil cases pending in this Court: McLeod v. Bruce, Case No. 7:18-CV-66 (HL); and McLeod v. Dewey, et al., Case No. 7:20-CV-244 (HL). Plaintiff alleges Defendant is working in concert with Robert Bruce, Howell Watkins, and others to prevent Plaintiff from collecting a default judgment entered against Bruce in Case No. 7:18-CV-66 (HL).

Plaintiff claims Defendant unlawfully entered his property on March 11, 2022. According to Plaintiff, he was awakened by a horn and flashing lights in the middle of the night. (Id.). A sheriff's deputy then served him with a summons and complaint for an action filed by Robert Bruce in Brooks County Superior Court. (Id.). Plaintiff alleges that same day he was away from his home when someone called to alert him several deputies were on his property taking pictures. (Id.). Plaintiff asserts the deputies "invaded" his property and "interfered with his personal property" without arguable probable cause or a search warrant. (Id. at p. 3). Plaintiff believes the deputies were on a "fishing expedition" to

> disingenuously fabricate some false claim of authority to seize and destroy McLeod's personal property and to falsely arrest him and keep him in jail long enough for Bruce to conceal or dispose of his assets to prevent [Plaintiff] from collecting the money judgment granted by the Court.

(Id.). According to Plaintiff, Defendant "has a record of participating in helping his buddies execute illegal self-help evictions and fabricates whatever imaginable

4

offense he can conjure while knowing that prosecution will be impossible. (Id. at p. 4). Plaintiff refers to the Sheriff as a "stalking horse" for Bruce. (Id.).

### C. Motion to Intervene

Robert Bruce moves to intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a). Under Rule 24(a), the court must permit intervention by any party who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In order to intervene as a matter of right, the movant must (1) file a timely application to intervene; (2) assert an interest relating to the property or transaction that is the subject of the pending litigation; (3) be so situated that, as a practical matter, disposition of the action may impede or impair the movant's ability to protect that interest; and (4) demonstrate that the movant's interest is not adequately represented by the existing parties. Worlds v. Dep't of Health and Rehab. Servs., 929 F.2d 591, 593 (11th Cir. 1991). "A party seeking to intervene as a matter of right must establish all four of the above requirements." Lancer Ins. Co. v. Hitts, No. 5:09-CV-302 (CAR), 2010 WL 2867836, at *2 (M.D. Ga. July 22, 2010).

As stated by the Court during the May 18, 2022 hearing, the Court is satisfied that Bruce meets the requirements to intervene as a matter of right. The Court therefore **GRANTS** Robert Bruce's Motion to Intervene (Doc. 3).

### D. Motion for Injunctive Relief

Plaintiff moves the Court to enter a temporary restraining order and preliminary injunction preventing Defendant and his deputies from "initiating or executing any arrest warrants against McLeod for the purpose of interfering with a civil action in order to gain a strategic advantage in a civil case (specifically civil actions against Robert Bruce and, or Howell Watkins)." (Doc. 1, p. 1). Plaintiff contends Defendant entered his property without probable cause and without a warrant with the specific purpose of intimidating Plaintiff and preventing Plaintiff from collecting a valid judgment. After hearing from the parties, the Court finds no factual basis to grant Plaintiff the relief requested.

The Eleventh Circuit has called the preliminary injunction "an extraordinary and drastic remedy not to be granted unless the movant clearly established . . . each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). In other words, granting injunctive relief before adjudicating the merits is a rare exception. See Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) ("[G]ranting a preliminary injunction is the exception rather than the rule."). A preliminary injunction is appropriate if the movant demonstrates: "(1) a substantial likelihood of success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest." Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014).

The Court finds Plaintiff's claim fails on each of the four elements. The evidence demonstrates that a Sheriff's deputy entered Plaintiff's property on March 11, 2022 for the purpose of serving Plaintiff with process. Neither a warrant nor probable cause is required to serve an individual with legal documents. Plaintiff has not otherwise asserted a cognizable cause of action against Defendant. Plaintiff likewise has not established more than a speculative injury. Nor has he put forth evidence that his fear of an unknown injury outweighs any potential harm to Defendant or the public interest. The Court accordingly **DENIES** Plaintiff's motion for injunctive relief and **DISMISSES** Plaintiff's Complaint.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP. (Doc. 2). The Court further **GRANTS** Robert Bruce's Motion to Intervene. (Doc. 3). Having determined that Plaintiff cannot establish the elements required to obtain a preliminary injunction, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and **DISMISSES** Plaintiff's Complaint. (Doc. 1).

**SO ORDERED**, this the 25th day of May, 2022.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks